STANLEY *v.* BEAVERS, chief of police.

An indictment charging the accused with the offense of "forgery of fictitious check," for that on October 15, 1920, he designedly, by color of a counterfeit check and writing [setting forth the writing in full], "same made in the fictitious name of" the accused, obtained from a corporation named an automobile of stated value, with intent to defraud, etc., was not void, but was valid upon its face; and the accused having pleaded guilty to the charge therein made, and having been sentenced thereon, he could not be discharged on habeas corpus upon the contention that the indictment was void for the reason that the check was not fictitious but was signed by him in his own name, and that at the time it was signed he had the right to sign that name. This was matter of defense which should have been set up on the trial against the indictment.

No. 5698.    SEPTEMBER 8, 1927.

Habeas corpus.    Before Judge E. D. Thomas.    Fulton superior court.    December 4, 1926.

*John F. Methvin* and *Walter A. Sims,* for plaintiff.

*James L. Mayson, John A. Boykin, solicitor-general,* and *J. Walter LeCraw,* for defendant.

PER CURIAM.    Edward H. Stanley brought his petition for writ of habeas corpus against James L. Beavers, chief of police of the City of Atlanta, and alleged that he was being illegally restrained of his liberty and illegally detained by the officer named.    Petitioner had previously, on November 9, 1920, filed, in the superior

Forgery, 26 C. J. p. 930, n. 47.
Habeas Corpus, 29 C. J. p. 42, n. 33; p. 44, n. 52.
Indictments and Informations, 31 C. J. p. 672, n. 47.

court of Fulton County, a plea of guilty to an indictment returned by the grand jury.. In this indictment it was charged that the accused had committed the offense of "forgery of fictitious check," for that, on the 15th day of October, 1920, he "did designedly, by color of the following counterfeit check and writing:

'Edward H. Stanley,                    (No. Pro.)   No. 21244
Personal Representative.               (   64-1   )
Ringling Bros.                                        Oct. 15, 1920
        and                CIRCUS                En Route Atlanta
Barnum & Bailey

Pay to the order of J. W. Goldsmith Jr.-Grant Company twenty-two hundred seventy-four 70/100 dollars $2274.70.

To Hanover National Bank, New York.        Edward H. Stanley,' same made in the fictitious name of Edward H. Stanley, obtain of and from J. W. Goldsmith Jr.-Grant Company, a corporation, one Hudson Speedster automobile of value of twenty-two . hundred seventy-four and 70/100 dollars and the property of J. W. Goldsmith Jr.-Grant Company, a corporation, with intent to defraud," etc. The contention upon which the petitioner bases his right to be discharged from custody is that this indictment is void, for the reason that the check was not a fictitious check, but was signed by petitioner in his own name, and that at the time the check was signed he had the right to sign the name.

The indictment not being void, but being a valid indictment upon its face, and the defendant having pleaded guilty to the charge therein embraced and having been sentenced thereon, he can not be discharged upon habeas corpus. upon the ground that the name which he signed to the instrument was his own name. This was matter of defense which should have been set up on the trial. It can not avail him upon habeas corpus after plea of guilty and sentence which he is serving.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent.*

BECK, P. J., concurring specially. The contention that a check can not be a fictitious check where it is signed by a person whose name is that signed to the check is not sound; because the person receiving the check may have in mind another person having the same name as that of the person who signed the check, and the person signing the check may do so knowing that the one to whom

it is to be delivered in payment for goods or property had this other person in mind. If he does this, the check thus signed by him is a counterfeit check, as much so as if he had signed a name which was not his. Consequently the indictment in this case is not void, and the restraint of the applicant for the writ of habeas corpus is not illegal.

RUSSELL, C. J., dissenting. I can not concur in the judgment of the majority. It appears without dispute in the testimony that the defendant signed his own name to the check or draft which he is alleged to have forged. Conceding that under the evidence the accused may be guilty of personating another, as defined in section 248 of the Penal Code, which is, like forgery, a felony punishable by imprisonment and labor for not less than two nor more than seven years, or that he is guilty under section 249 of the offense of obtaining goods or money on a false writing, in which the convict is likewise punished as just stated, it is my judgment that the accused can not be legally held under the indictment for forgery. Criminal laws are to be strictly construed with the most scrupulous regard to the future welfare of the State and all its people; and in view of the proof that the name signed by the accused in this case was his own proper name which he had a right to attach to any writing, I can not reach the conclusion that he is guilty of forgery, which, under the provision of section 231 of the Penal Code, consists in falsely and fraudulently making, forging, altering, or counterfeiting the various writings specified in the seven subdivisions of that section.

ATKINSON, J., dissents on the ground that the indictment is void as being insufficient to charge an offense as contended, either under section 239 or section 248 of the Penal Code; and being void, the sentence of the court based on the defendant's plea of guilty to the indictment is also void, and the prisoner is entitled to discharge on habeas corpus.